UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORTEZ CUNNINGHAM,

    Plaintiff,

v.

NAOMI SMITH-GLADNEY, et. al.,

    Defendants.
                                            /

Case No. 10-12514

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 48), **OVERRULING PLAINTIFF'S OBJECTIONS** (docket no. 49), **AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** (docket nos. 18, 44)

      Plaintiff Cortez Cunningham filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Naomi Smith-Gladney, Christine E. Beasley, Susan Kristensen, Alfred Jones, and Richard Russell,[1] (collectively "Defendants"), violated his constitutional rights by denying him medical care while he was incarcerated at Mound Correctional Facility ("MCF"). Smith-Gladney, Beasley, and Kristensen filed a motion for summary judgment on November 16, 2010,[2] and Jones filed a motion for summary judgment on June 29, 2011. Both motions were referred to the magistrate judge, who issued a Report and Recommendation ("R & R"), recommending that the Court grant Defendants' motions for summary judgment and dismiss the claims against Russell. Cunningham timely objected to the R & R. For the following reasons, the Court will overrule Cunningham's objections and adopt the R & R, with modifications.

---

[1] Richard Russell was originally named as "John Doe" in the complaint. *See* Order Directing Service of Complaint and Identifying John Doe (docket no. 39).

[2] Although entitled a motion for summary judgment, the motion also seeks dismissal pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

**LEGAL STANDARD**

The standard of review applicable to a magistrate judge's report and recommendation is dependent upon whether a party files objections. The Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The Court, however, "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Overly broad objections do not satisfy the objections requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). The objections must be clear enough that the court can "discern those issues that are dispositive and contentious." *Id.* Objections that merely challenge the correctness of the magistrate's recommendation but fail to specify what findings were erroneous are insufficient. *Id.*

**FACTS**

Cunningham, who is currently incarcerated at the Gus Harrison Correctional Facility, alleges that Defendants violated his constitutional rights by delaying medical care while he was incarcerated at MCF. Specifically, Cunningham asserts that on January 8, 2009, he sent a "kite" to medical staff at MCF complaining of pain and swelling in his right leg, and of a possible allergic reaction. Beasley, a registered nurse, apparently characterized Cunningham's complaint as "allergies" and scheduled him for an appointment with health

care personnel on January 21, 2009.[3] *See* Medical Records at 87. Despite Cunningham characterizing his complaint as urgent, Beasley characterized the urgency of Cunningham's complaint as routine. *Id.*

Cunningham asserts that he sent another health care request form complaining of leg pain on January 12, 2009, and he was informed by his unit officers to stop sending kites.[4] Compl. ¶ 13. Moreover, Cunningham contends that he complained to his first and second shift officers about his leg pain daily, and that the officers informed the health care unit of the complaints. *Id.* ¶ 14.

Cunningham filed a Step I grievance on January 15, 2009, asserting that the health care unit failed to treat his leg pain in violation of his Eighth Amendment rights. *See* Compl. ex. A. One day later, Cunningham was sent to Detroit Receiving Hospital, where he was diagnosed with deep venuous thrombosis ("DVT") in his right leg. Cunningham was hospitalized for six days, and received IV Heparin and Coumadin.

On January 29, 2009, Kristensen denied Cunningham's Step I grievance, after finding that Cunningham had not mentioned leg pain in his original kite, and that Cunningham's medical needs were met. *Id.* Smith-Gladney reviewed and signed the chart. Subsequently, Cunningham filed a Step II grievance on February 19, 2009. *Id.* ex. B. Cunningham claimed that his original kite had mentioned both leg pain and a possible

---

[3]Neither party has provided the Court with a copy of the kite, and Cunningham maintains that he has been unable to obtain a copy. Accordingly, the Court cannot resolve the dispute of whether the kite mentioned leg pain or if it only mentioned allergies. For the purposes of this motion, however, the Court must construe all facts in the light most favorable to Cunningham, and, therefore, will assume that the kite mentioned both allergies and leg pain.

[4]There is no medical documentation of this request form.

allergic reaction, and asserted that during the seven day delay between his January 9, 2009 kite and his January 16, 2009 emergency room visit, "the blood clot could have broke free and traveled through grievant's blood to major organs, there causing damage and even death." *Id.* After reviewing Cunningham's electronic medical records, Jones denied the Step II grievance. *Id.* Jones found that Cunningham's original kite had only mentioned allergies, that Cunningham was seen on January 16, 2009 by a medical provider, and that he was transferred to a hospital after his evaluation. *Id.* Finally, on March 18, 2009, Cunningham filed a Step III grievance. Russell denied the claim, indicating that Cunningham's "medical needs were appropriately addressed." *Id.*

**ANALYSIS**

1. Factual Objections

Cunningham filed several objections to Judge Michelson's finding of facts. Cunningham objects to 1) the characterization of the contents of the first kite; 2) the statement that there is no record of a second kite having been sent; and 3) the characterization of Kristensen's response to the kite, namely, Cunningham seeks to clarify that Kristensen's response was based on electronic records and not on the original kite. These objections are without merit. There is nothing erroneous about Judge Michelson's findings of fact. The findings accurately reflect what is in the record before the Court.

Cunningham also objects to a footnote in the R & R, stating that there was nothing unique about Beasley characterizing Cunningham's kite as "routine," even though Cunningham had characterized it as "urgent." Judge Michelson noted, "[f]or example, Plaintiff submitted another medical kite to receive gloves to exercise in because of bruising. The kite response indicates that from Plaintiff's perspective this was urgent, while from the

staff's perspective this was routine." R & R at 2. The Court overrules this objection. The statement is not erroneous and, as Cunningham himself notes, the footnote is irrelevant to disposition of the issue before the Court.

The remainder of Cunningham's objections essentially re-litigate the merits of his claim without objecting to specific factual findings. But objections merely challenging the correctness of Judge Michelson's ruling are insufficient to satisfy the objections requirement.

### 2. Legal Standard Objections

Cunningham also objects to Judge Michelson's "Legal Standards" section. It is unclear what Cunningham's specific objections are, and, again, Cunningham simply attempts to reargue the merits of his claim. A review of the R & R demonstrates that Judge Michelson correctly characterized the legal standards governing this case. Accordingly, the objection is overruled.

### 3. Claims Against Smith-Gladney, Kristensen, Jones, and Russell

Judge Michelson recommended dismissing the claims against Smith-Gladney, Kristensen, Jones, and Russell, after finding that liability pursuant to § 1983 cannot be premised only on a defendant's denial of an administrative grievance or on a failure to act based on information contained in the grievance. R & R at 6 (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Cunningham contends that his claims are not based merely on the denial of his grievances. Rather, he asserts that his claims against Smith-Gladney are premised on her "failure to act" in response to Cunningham's medical needs, which amounted to deliberate indifference, and that his claims against Kristensen, Jones, and Russell are for "inaction to that deliberate indifference." Objections at 7.

Cunningham alleges that Kristensen, Jones, and Russell were aware of his medical complaints byway of the grievance process, and that they failed to act. Compl. ¶ 18. When a defendant's only involvement is the denial of a grievance, dismissal or summary judgment are appropriate. *See Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of a grievance is not the same as the denial of a request to receive medical care."). Moreover, liability under § 1983, "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee*, 199 F.3d at 300 (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998), *cert denied*, 525 U.S. 1115 (1999) (finding that plaintiff had not stated claim where only allegations were that defendants denied grievance and failed to remedy alleged retaliatory behavior). Accordingly, the Court overrules Cunningham's objection.[5]

As to Smith-Gladny, the complaint alleges that Cunningham suffered severe pain as a result of Smith-Gladny's delay in seeking treatment for his medical needs. Compl. ¶ 17. Aside from reviewing the denial of Cunningham's Step I grievance, however, there is no evidence that Smith-Gladny was involved in Cunningham's medical treatment at all. Cunningham's response brief appears to assert that Smith-Gladney, the nurse supervisor at MCF, was informed by a resident that Cunningham was suffering from leg pain, but that she failed to take action. But even if Smith-Gladney did know about Cunningham's leg

---

[5]The Court notes that Judge Michelson recommended dismissing the claim against Russell, even though Russell did not join in either of the two pending motions for summary judgment. "[D]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that [he] had to come forward with all [his] evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). The Court concludes that Cunningham was on notice to come forward with all his evidence against Russell when he filed objections to Judge Michelson's R & R, in light of her recommendation to dismiss the claim against Russell.

pain, to be liable under § 1983, Cunningham must demonstrate that Smith-Gladny acted with deliberate indifference, meaning that she perceived the facts giving rise to an inference of a substantial risk to Cunningham, and that she actually drew the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Cunningham has produced no evidence to support such a conclusion.

### 2. Claims against Beasley

Judge Michelson recommended that the Court grant summary judgment as to Beasley because Beasley was not deliberately indifferent. Cunningham's objections fail to identify specific errors, but rather merely argue the merits of his claim. Cunningham's only specific objection is to Judge Michelson's statement that "Plaintiff does not indicate in his Opposition to this Motion for Summary Judgment that he needed any additional discovery to adequately respond. In addition, the Court has reviewed Plaintiff's recent discovery requests and the information being sought would not alter the Court's findings. In short, Plaintiff has had sufficient time to procure discovery supporting his case and has failed to do so." R & R at 13 n.5. Cunningham maintains that this statement is erroneous because he has made discovery requests.

The Court overrules this objection. As Judge Michelson correctly noted, even if Cunningham could demonstrate the objective element of a deliberate indifference claim – that Cunningham faced "a 'sufficiently serious medical need such that [Cunningham] [was] 'incarcerated under conditions posing a substantial risk of serious harm,'" *see Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004)), which is questionable, Cunningham has produced no evidence to fulfill the subjective requirement of a deliberate indifference

claim, i.e., that Beasley perceived the facts giving rise to an inference of a substantial risk to Cunningham, and that she actually drew the inference and disregarded it. Even if Beasley knew of Cunningham's leg pain, there is no indication that she drew the inference that it was a serious medical condition, such as DVT, or that Cunningham was facing a serious risk of harm. And the Court agrees that none of the discovery sought by Cunningham, including his proposed interrogatories or his request for the medical request forms (i.e. kites), would alter this conclusion.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that Report and Recommendation (docket no. 48) is **ADOPTED**, with modifications.

**IT IS FURTHER ORDERED** that Petitioner's objections to the Report and Recommendation (docket no. 49) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (docket nos. 18, 44) are **GRANTED** and that the claims against Defendant Russell are **DISMISSED WITH PREJUDICE**. The case is now closed.

**SO ORDERED.**

                                            s/Stephen J. Murphy, III  
                                            STEPHEN J. MURPHY, III  
                                            United States District Judge

Dated: July 29, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 29, 2011, by electronic and/or ordinary mail.

                                            Carol Cohron  
                                            Case Manager